## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY D. DUVALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CV-0125-CVE-PJC |
| | ) |
| JAY BLACKFOX, Sheriff; | ) |
| STACY POOL, Jail Administrator, | ) |
| SUMMER RAMON, Jailer, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state prisoner appearing *pro se*, on February 27, 2006. When Plaintiff filed the complaint (Dkt. # 1), he was in custody at the Delaware County Jail. During the pendency of this action, Plaintiff has been transferred to the custody of the Oklahoma Department of Corrections. By Order filed April 13, 2006, the Court dismissed Count II of the complaint and directed service of process. Defendants filed a Special Report (Dkt. # 23) to develop a record sufficient to assist the Court in ascertaining whether there are any factual or legal bases for Plaintiff's Counts I and III. Presently before the Court are the following motions: Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 22), Petitioner's amended motion for appointment of counsel (Dkt. # 25), Petitioner's amended motion for evidentiary hearing (Dkt. # 26), and Defendants' motion to strike (Dkt. # 31). The Court shall address each of the pending motions.

**A. Defendants' motions to dismiss and to strike**

In his complaint, Plaintiff identifies the following claims within Counts I and III: Plaintiff fell because of overcrowding; Defendants refused to take Plaintiff for an M.R.I. and to a "pain consultant"; Plaintiff had "18 pain pills come up missing"; Plaintiff had to beg for two days to be

taken to the hospital to have his prostate checked; Plaintiff received the wrong medication on February 20, 2006, and Defendants refused to take him to the hospital after he received the wrong medication; and jailers are not certified to pass out medication. See Dkt. # 1. In his request for relief, Plaintiff states that he is entitled to "$200,000 for pain and suffering, $200,000 for mental stress and anguish, medical bills = ?, and whatever court deems." See id. On July 3, 2006, Defendants filed a motion to dismiss (Dkt. # 22) alleging that Plaintiff failed to exhaust available administrative remedies for each of his claims prior to filing his complaint as required by the Prison Litigation Reform Act ("PLRA"). Plaintiff filed a response to Defendants' Special Report which also addressed the motion to dismiss. See Dkt. # 24. Defendants filed a reply (Dkt. # 27) to Plaintiff's response. Thereafter, Plaintiff filed an additional pleading entitled "Plaintiff's reply to Defendants motion to dismiss and special report" (Dkt. # 30). In response to Plaintiff's additional pleading, Defendants filed a motion to strike (Dkt. # 31), requesting that the pleading be stricken because it was filed without leave of Court.

As a preliminary matter, the Court finds Defendants' motion to strike shall be denied. In his additional pleading (Dkt. # 30), Plaintiff simply provides further argument in support of his amended motions for appointment of counsel and for an evidentiary hearing. He does not present any argument not previously raised in response to the motion to dismiss. In light of Plaintiff's *pro se* status, the Court, in its discretion, finds Defendants' motion to strike shall be denied.

Defendants' motion to dismiss is premised on Tenth Circuit case law holding that a plaintiff has the burden of pleading exhaustion, see Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003), and that if a complaint contains both exhausted and unexhausted claims, the entire complaint must be dismissed without prejudice for failure to exhaust, see Ross v. County of

Bernalillo, 365 F.3d 1181, 1184 (10th Cir. 2004). However, during the pendency of Defendants' motion to dismiss, both Steele and Ross have been abrogated by the United States Supreme Court. See Jones v. Bock, --- U.S. ---, 2007 WL 135890 (Jan. 22, 2007). In Bock, the Supreme Court held that a plaintiff's failure to exhaust administrative remedies is an affirmative defense rather than a pleading requirement imposed on the prisoner plaintiff. Id. at *8-*11 (abrogating Steele). The Court also rejected the "total exhaustion" rule and held that a plaintiff's failure to exhaust administrative remedies for some but not all of his claims does not require dismissal of the entire complaint; instead the Court should dismiss any unexhausted claim and proceed with consideration of any exhausted claim. Id. at *13-*16 (abrogating Ross).

Upon review of Defendants' motion to dismiss, Plaintiff's response thereto, and in light of Bock, the Court finds the motion to dismiss filed in this case shall be adjudicated as a motion for summary judgment. The Court notes that the parties have attached matters outside the pleading for the Court's consideration. See Dkt. #s 22 and 24. The Court finds the materials provided by the parties should not be excluded from consideration of the motion. Therefore, pursuant to Fed. R. Civ. P. 12(b), the parties are hereby provided notice that the motion to dismiss (Dkt. # 22) shall be treated as a motion for summary judgment and disposed of as provided in Fed. R. Civ. P. 56.

The Court further finds that additional information and argument are necessary for adjudication of the motion to dismiss under Fed. R. Civ. P. 56. In support of their motion to dismiss, Defendants assert that Plaintiff filed only one (1) grievance prior to filing the instant civil rights complaint. See Dkt. # 22, Ex. 1. In that grievance, Plaintiff complains that he is experiencing pain and is not receiving proper medication, and that he is out of oxycodone and that one of his pills was missing. See id. However, in response to the motion to dismiss, Plaintiff submitted copies of eight

3

(8) grievances and three (3) requests to staff. See Dkt. # 24, Exs. 12 through 22. In reply, Defendants correctly note that only three (3) of the documents provided by Plaintiff are dated prior to the filing of the instant complaint. See Dkt. # 27. However, Defendants offer no explanation for their failure to provide a complete record in support of their motion to dismiss nor do they explain the procedures available at the Delaware County Jail and whether they are required for exhausting administrative remedies. As a result, based on the record before the Court, the Court is unable to determine whether Petitioner exhausted administrative remedies provided by the Delaware County Jail for any claim prior to filing the complaint.

      Therefore, within fifteen (15) days of the entry of this Order, Defendants shall file a supplement to their motion to dismiss and present any material not previously provided and made pertinent to such a motion by Rule 56. See Fed. R. Civ. P. 12(b) and 56. Specifically, Defendants shall provide copies of any and all documents referencing Plaintiff's efforts to exhaust administrative remedies prior to the filing of the complaint as to any of the claims raised in Counts I and III, as well as copies of any policies and procedures describing administrative remedies available to Plaintiff at the Delaware County Jail or otherwise provided by Delaware County at the time of the incidents complained of by Plaintiff. Defendants shall identify any claim for which Plaintiff has exhausted administrative remedies. Within fifteen (15) days of the filing of Defendants' supplement to the motion to dismiss, Plaintiff may file a supplemental response and may present any material not previously provided and made pertinent by Rule 56. See Fed. R. Civ. P. 12(b) and 56.

**B. Plaintiff's amended motions for appointment of counsel and for evidentiary hearing**

By Order filed March 31, 2006 (Dkt. # 12), the Court denied Plaintiff's original motions for appointment of counsel (Dkt. # 8) and for an evidentiary hearing (Dkt. # 10). Upon review of Plaintiff's amended motions, the Court finds no basis for entering the relief requested. In the case of an indigent plaintiff, the Court has discretion to appoint an attorney to represent the plaintiff where, under the totality of circumstances of the case, the denial of counsel would result in a fundamentally unfair proceeding. McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "'if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts.'" Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting McCarthy, 753 F.3d at 838).

After reviewing the merits of Plaintiff's case, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present his case, and the complexity of the legal issues, see Rucks, 57 F.3d at 979 (cited cases omitted); see also McCarthy, 753 F.2d at 838-40; Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981), the Court finds Plaintiff's amended motion for appointment of counsel shall be denied. The Court further finds Plaintiff's amended motion for evidentiary hearing shall be denied at this time. Should the Court determine later in these proceedings that an evidentiary hearing is necessary, an appropriate Order will be entered.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The parties are hereby provided notice that the motion to dismiss (Dkt. # 22) shall be treated as a motion for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Within fifteen (15) days of the entry of this Order, Defendants shall file a supplement to their motion to dismiss and present any material not previously provided and made pertinent to such a motion by Rule 56. See Fed. R. Civ. P. 12(b) and 56. Specifically, Defendants shall provide copies of any and all documents referencing Plaintiff's efforts to exhaust administrative remedies prior to the filing of the complaint as to any of the claims raised in Counts I and III, as well as copies of any policies and procedures describing administrative remedies available to Plaintiff at the Delaware County Jail or otherwise provided by Delaware County at the time of the incidents complained of by Plaintiff. Defendants shall identify any claim for which Plaintiff has exhausted administrative remedies.

2. Within fifteen (15) days of the filing of a supplement to the motion to dismiss by Defendants, Plaintiff may file a supplemental response to the motion to dismiss and may present any material not previously provided and made pertinent by Rule 56. See Fed. R. Civ. P. 12(b) and 56.

3. Defendants' motion to strike (Dkt. # 31) is **denied**.

4. Plaintiff's amended motion for appointment of counsel (Dkt. # 25) is **denied**.

5. Plaintiff's amended motion for evidentiary hearing (Dkt. # 26) is **denied**.

**DATED** this 31st day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT