## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY D. DUVALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 06-CV-0125-CVE-PJC |
| | ) |
| JAY BLACKFOX, Sheriff, | ) |
| STACY POOL, Jail Administrator, | ) |
| SUMMER RAMON, Jailer, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action.  On July 3, 2006, defendants filed a motion to

dismiss (Dkt. # 22), alleging that plaintiff failed to exhaust his administrative remedies prior to filing

the instant complaint.  Defendants also filed a special report (Dkt. # 23).  Plaintiff filed a response

to the motion to dismiss and the special report (Dkt. # 24).  By Opinion and Order filed January 31,

2007 (Dkt. # 38), the Court provided notice to the parties that the motion to dismiss would be

adjudicated as a motion for summary judgment.  The parties have been given an opportunity to file

supplemental briefing and to provide additional evidence in response to the Court's ruling

converting defendant's motion to dismiss into a motion for summary judgment.  Plaintiff also filed

a Motion for Extension of Time, which the Court will treat as a request for additional time to file

a motion to amend his complaint (Dkt. # 43).

**I.**

In his complaint, plaintiff alleges that defendants failed to provide adequate medical care

while plaintiff was in custody at the Delaware County Jail.  Plaintiff claims he was injured in an

automobile accident before he was incarcerated, and he suffered from back pain as a result of this

injury.  While he was in jail, he alleges that he repeatedly requested medical treatment, specifically

an MRI and treatment by a pain consultant, but these requests were ignored or denied.  He alleges

that he fell on a mat due to overcrowding and tore a ligament in his knee but, despite his repeated

requests, he was not taken to the hospital.  He claims that he had a prescription for pain medication,

but that pain pills were frequently missing when the medication was delivered to him.  Plaintiff

alleges that he was suffering from a swollen prostate, but he asserts that jail officials ignored his

requests for medical attention for two days.  On February 20, 2006, he states that a prison guard,

Summer Ramon, gave him the wrong medication and he was not taken to the hospital.  Finally, he

claims that prison guards should not distribute medication, because they are not certified to perform

that task.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp.

v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986);

Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates

the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 317.

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."  Kaul v. Stephan,

83 F.3d 1208, 1212 (10th Cir. 1996).  "Summary judgment will not lie if the dispute about a material

fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

Where a pro se plaintiff is a prisoner, a court authorized "Martinez Report" (Special Report) prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints.  See Hall, 935 F.2d at 1109.  The Court may treat the Martinez Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the plaintiff has presented conflicting evidence.  Id. at 1111.  The plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge.  Id.  The Court must also construe plaintiff's *pro se* pleadings liberally for purposes of summary judgment.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.

### III.

Defendants argue that plaintiff's complaint should be dismissed, because he failed to exhaust his administrative remedies for all of his claims.  They admit that the Deleware County Jail does not have any written procedures providing for inmate grievances, but they state that the jail requires inmates to file a general grievance report for inmate complaints.  In response, plaintiff has submitted 22 exhibits, including grievances, requests for medical treatment, and witness statements, to show that he properly notified prison officials of his claims.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). An inmate's failure to exhaust administrative remedies under the PLRA is an affirmative defense and the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock 127 S. Ct. 910 (2007) (abrogating Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003)). An inmate's compliance with the PLRA's exhaustion requirement as to some, but not all, claims does not warrant dismissal of the entire action. Id. (abrogating Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)).

Based on the summary judgment record, plaintiff has presented evidence that he exhausted administrative remedies for some, but not all, of his claims.[1]  Before filing his complaint, plaintiff filed grievances on January 9, 2006 and February 13, 2006.  In these grievances, he specifically raised his claims that he fell due to overcrowding, that 18 pain pills were missing, and that he had to beg for two days to be taken to the hospital to have his prostate checked.  These claims will not be dismissed.  However, even if the Court construes plaintiff's grievances liberally, there is no evidence that plaintiff exhausted his administrative remedies as to his claims that he received the wrong medication or that jailers are not certified to pass out medication.  Plaintiff has provided witness statements by other inmates supporting these claims, but there is no evidence that he ever notified prison officials that he received the wrong medication or that he requested training for guards to pass out medication.  The Court will dismiss these claims without prejudice to refiling, because plaintiff did not exhaust his administrative remedies before filing a lawsuit.  Under Jones, the Court will not dismiss the entire lawsuit because plaintiff filed a complaint with exhausted and unexhausted claims.  See Freeman v. Watkins, --- F.3d ---, 2007 WL 779273 (10th Cir. Mar. 16, 2007); Aquilar-Avellaveda v. Terrell, --- F.3d ---,  2007 WL 646150 (10th Cir. Mar. 5, 2007). Plaintiff may proceed with any claims for which he has exhausted his administrative remedies.

---

[1]   The Court can not find any evidence that jail officials responded to plaintiff's grievances. Given the lack of evidence showing that the jail had a formal procedure for accepting and responding to inmate grievances, the Court will consider claims exhausted if plaintiff notified defendants of his complaints through an inmate grievance.  Defendants claim that plaintiff's jail file contains one grievance dated January 9, 2006, but they also note that jail administration changed while plaintiff was incarcerated.  For purposes of the Court's ruling on defendants' motion, the Court will assume that the grievances provided by plaintiff were filed.

This leaves only plaintiff's claim that prison officials refused to take him to the hospital for an MRI and did not let him visit a pain consultant.  After the complaint was on file, plaintiff filed grievances on June 17, 2006 and July 5, 2006 alleging that his requests to see a pain specialist were ignored.  When ruling on defendants' motion, the Court must consider whether plaintiff's claims were exhausted at the time the complaint was filed.  Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1139-40 (10th Cir. 2005) (district court may not reach merits of an unexhausted claim because exhaustion is statutory precondition to bringing a claim under the PLRA); Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003) (creating prospective rule that exhaustion under PLRA determined based on the facts when the complaint was filed); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534-35 (7th Cir. 1999) (exhaustion is a "precondition to suit" under the PLRA and prisoner may not maintain an action if exhaustion not completed at the time the complaint was filed).  The Court has reviewed the grievances plaintiff filed before he initiated this lawsuit, and it appears that plaintiff requested treatment for a broken back on January 9, 2006.  Plaintiff complained that he was not permitted to visit doctors for his back problems and that he was denied pain medication.  Construing the grievances broadly, prison officials should have been on notice that plaintiff was requesting treatment from a pain specialist for his back pain.  Although not as specific as the references in the June 17, 2006 and July 5, 2006 grievances, the Court finds that plaintiff requested treatment from a pain consultant through the grievance process before commencing this action and the Court will not dismiss this claim.

Plaintiff also requests an extension of time (Dkt. # 43) to file a motion to amend his complaint.  The Court has not entered a scheduling order and, therefore, the Court has not set a deadline for amending pleadings.  Until the Court sets a deadline for amending pleadings, plaintiff's

motion for an extension of time is premature, as plaintiff may move to amend his complaint without requesting permission from the Court.[2]   At this time, his motion for an extension of time should be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) and Brief in Support (Dkt. # 22), adjudicated as a motion for summary judgment, is **granted in part** and **denied in part**.  Plaintiff may proceed with his claims that he fell due to overcrowding, that 18 pain pills were missing, that he had to beg for two days to receive treatment for his prostate, and that he was denied an MRI and access to a pain consultant.  All other claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that defendants shall answer the complaint within twenty (20) days of this order, or by April 12, 2007.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Dkt. # 43) is **denied**.

**DATED** this 23rd day of March, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]      If plaintiff chooses to file a motion to amend his complaint, he must attach a copy of the proposed amended complaint with his motion.