**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TONY D. DUVALL, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 06-CV-0125-CVE-PJC |
| | ) |
| JAY BLACKFOX, Sheriff; | ) |
| STACY POOL, Jail Administrator, | ) |
| SUMMER RAMON, Jailer, | ) |
| | ) |
|       **Defendants.** | ) |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state prisoner appearing *pro se*. By Order filed October 24, 2008 (Dkt. # 66), the Court directed Defendants to file motion(s) for summary judgment. The Court also directed Plaintiff to file a response to the motion(s) for summary judgment. Plaintiff was specifically advised that should he fail to file a response, "the Court will be authorized, in its discretion and upon notice to Plaintiff, to deem the matter confessed and enter the relief requested." See Dkt. # 66 (citing LCvR7.2(f)). On November 24, 2008, Defendants filed motions for summary judgment (Dkt. ## 67, 68). On December 15, 2008, Plaintiff filed a motion for a sixty (60) day extension of time to respond to the motions for summary judgment. See Dkt. # 69. By Order filed December 17, 2008 (Dkt. # 70), the Court granted Plaintiff's motion and established a final deadline of February 17, 2009, for the filing of responses. The deadline has now passed and Plaintiff has failed to file responses to the motions for summary judgment. On March 9, 2009, Defendants filed a motion for confession of judgment (Dkt. # 71). More than eleven (11) days have passed since Defendants filed the motion for confession of judgment and Plaintiff has failed to file a response to the motion.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

Even though Plaintiff has failed to respond, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). However, due to Plaintiff's failure to respond, the material facts in Defendants' motions for summary judgment are deemed admitted. See LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."). The undisputed material facts in the summary judgment record show that there is no genuine issue of material fact for trial as to Plaintiff's claims

2

arising from the conditions of his confinement and the adequacy of medical care received while he was incarcerated at the Delaware County Jail. The uncontroverted material facts demonstrate that Plaintiff received substantial medical treatment during his incarceration, that he suffered no adverse consequences from any treatment or any delay in treatment, and that the jail operations complied with Oklahoma State Jail Standards. Plaintiff has failed to make a showing sufficient to establish that Defendants were deliberately indifferent to his serious medical needs, that the conditions of his confinement were sufficiently serious to constitute a constitutional violation, the existence of an affirmative link between any defendant and a constitutional violation, or the existence of a jail policy violative of his rights. Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981) (stating that the Constitution "does not mandate comfortable prisons" and conditions imposed on prisoners may be "restrictive and even harsh"); Duffield v. Jackson, 545 F.3d 1234, 1238 (10th Cir. 2008) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Serna v. Colorado Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006); Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) (plaintiff must show that there is an "affirmative link" between each defendant and the constitutional deprivation); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). Therefore, as Plaintiff has failed to respond to Defendants' motions for summary judgment and, pursuant to local rule, has admitted the material facts in Defendants' motions for summary judgment, Defendants have carried their burden and they are entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motions for summary judgment (Dkt. ## 67, 68) are **granted**.

2. Defendants' motion for confession of judgment (Dkt. # 71) is **declared moot**.

3. A separate judgment in favor of Defendants shall be entered in this matter.

**DATED** this 24th day of March, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT